## PARAMOUNT MOTORS CORPORATION OF THE PACIFIC v. TITLE GUARANTEE & TRUST CO. et al.

(Circuit Court of Appeals, Ninth Circuit. November 1, 1926.)

No. 4858.

1. Mortgages ⚖⇒338.

Complaint alleging payment of greater part of notes secured by trust deed *held* to state cause of action to restrain sale to satisfy full amount.

2. Injunction ⚖⇒127.

Testimony taken on application for temporary restraining order cannot be used either to bolster up or to defeat cause of action in amended complaint.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Suit by the Paramount Motors Corporation of the Pacific against the Title Guarantee & Trust Company and others. Decree of dismissal, and plaintiff appeals. Reversed and remanded, with directions.

Maynard F. Stiles and Cæsar A. Roberts, both of Los Angeles, Cal., for appellant.

Clore Warne and Samuel C. Cohn, both of Los Angeles, Cal., for appellees.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing an amended complaint, on motion, for want of equity. The allegations of the amended complaint are substantially these:

That prior to November, 1924, the appellant was the owner of a 20-acre tract in Los Angeles county, Cal.; that on November 28, 1924, it entered into a contract with one Theron Walker, under the designation Theron Walker Engineering & Construction Company, to furnish the labor and material for the construction of a building on the tract for the sum of $17,000; that, be-

fore entering into the construction contract, Walker represented to the appellant that one Seaton would advance the money to cover the cost of constructing the building, taking notes of the appellant therefor amounting to $17,000; that the appellant accordingly, and at the instance and request of Walker, executed to Seaton two promissory notes, for $12,500 and $4,500 respectively, and secured the same by a deed of trust on the 20-acre tract, executed by the appellant in favor of the Title Guarantee & Trust Company, as trustee, for the benefit of Seaton; that, notwithstanding the execution of the notes and deed of trust, Seaton paid no money or other thing of value therefor, and failed to finance the building project; that on December 4, 1924, Seaton assigned the notes and deed of trust to Theron Walker Engineering & Construction Company, without recourse; that Seaton was the nominee and agent of Walker in the transaction; that after the assignment of the notes and deed of trust to Walker the appellant assigned to him, under the designation of Theron Walker Engineering & Construction Company, claim and demand in the sum of $11,965 against the Paramount Heights Subdivision as payment pro tanto upon the two notes, and the assignment was so accepted by Walker; that no application of the payment thus made was directed by the appellant, but the appellant is informed and assumes that the payment was applied upon and extinguished the $4,500 note, leaving the balance to be applied on the $12,500 note, and that not more than $5,000 is now due upon the latter, together with a small amount of interest; that on December 18, 1924, Walker, under the name of Theron Walker Engineering & Construction Company, assigned and transferred the $12,500 note and his rights under the deed of trust securing the same to the Mortgage Corporation of America, and assigned to the same corporation the claim of $11,965 against the Paramount Heights Subdivision; that Seaton paid no money or other consideration on account of the execution of the promissory notes, and the appellant received no consideration on account thereof, except the building contract and the work done thereunder; that Walker paid no consideration to Seaton for the assignment of the notes, and the Mortgage Corporation of America paid no consideration to Walker, but took the assignment under an agreement to pay certain claims and demands. It is then averred that, notwithstanding the premises the Mortgage Corporation of America has made demand upon the trustee to fore-

close the deed of trust for default in the payment of the $12,500 note and interest; that the trustee has filed in the office of the county recorder of Los Angeles county a notice of such default; and that the appellees are threatening to and will sell the property covered by the trust deed to satisfy the full amount of the note, unless restrained from so doing by order of court.

[1] The foregoing facts clearly state a cause of action in favor of the appellant. A threat is made by a trustee to sell trust property to satisfy a claim of $12,500 and interest, the greater part of which has already been paid, and no question of bona fide purchaser is involved. That a court of equity will enjoin such a sale and such a breach of trust on the part of the trustee does not admit of question. Wiltsie on Mortgage Foreclosure, § 945.

The only possible defect in the amended complaint is its failure to allege payment or tender of the balance due, and the absence of any such averment is sufficiently excused by an averment that $4,000 of the $17,000 was claimed as a bonus or premium for making the loan in question, that the retention of such bonus or premium violates the usury laws of the state of California, and that the unpaid balance on the note does not exceed $285, no part of which is due. Norman v. Peper (C. C.) 24 F. 403.

[2] The amended complaint was preceded by an original complaint upon which an application for a temporary restraining order was made. The application for the temporary restraining order was heard upon affidavits and oral testimony, the restraining order was denied, and a motion to dismiss the original complaint for want of equity was granted. Realizing, perhaps, the inherent weakness of their position, counsel for the appellees now earnestly insist that this court should take into consideration, not only the amended complaint against which the motion to dismiss was directed, but also the original complaint and the affidavits filed on the application for the temporary restraining order. Under the authorities cited we might, perhaps, look to the original complaint, but can under no circumstances take into consideration the proofs taken on the hearing of the application for an injunction. The testimony there taken cannot be resorted to, either to bolster up or to defeat the cause of action set forth in the amended complaint. We have examined the original complaint, and, while there are some inconsistencies in the allegations of the two pleadings, these are unimportant, and we find

nothing in the original complaint in any wise tending to impair or defeat the cause of action set forth in the amended complaint upon which the court below acted.

The decree is therefore reversed, and the cause is remanded, with instructions to overrule the motion to dismiss, and for further proceedings.