## PARAMOUNT MOTORS CORPORATION OF THE PACIFIC v. TITLE GUARANTEE & TRUST CO. et al.

Circuit Court of Appeals, Ninth Circuit. February 20, 1928.

Rehearing Denied March 19, 1928.

No. 5280.

1. **Mortgages ☞319(3)—Claim assigned several days prior to execution of note and trust deed held, under evidence, not payment.**

Assignment of claim, made several days before execution of note and deed of trust, *held* under evidence, not payment of indebtedness, but given for collateral security.

2. **Mortgages ☞337—Creditor need not first exhaust collateral security before foreclosing trust deed, where rights of other lien claimants were not involved.**

Holder of trust deed, to whom claim was assigned as collateral security, was not required to first exhaust the collateral security before resorting to foreclosure of trust deed in order to collect debt, where rights of other lien claimants were not involved.

3. **Mortgages ☞335—Creditor holding trust deed need not surrender collateral security before foreclosing deed, where debt remained unpaid.**

Fact that collateral security which creditor held, together with trust deed, had never been returned or surrendered to debtor, *held* not to prevent foreclosure of trust deed, where at least part of debt remained unpaid.

4. **Pledges ☞46—Creditor need not surrender any part of his security until entire debt is paid.**

In absence of contract, creditor is under no obligation to surrender any part of his security until the entire debt has been paid.

5. **Mortgages ☞338—Application after trial to file supplemental complaint in suit to enjoin foreclosure held properly refused, where facts alleged were known to plaintiff before trial.**

In suit to enjoin sale of real property under trust deed, application to file supplemental

complaint, offered after hearing, which alleged on information and belief that notice of foreclosure sale had added claim for attorney's fees to amount of original indebtedness, *held* properly refused, where facts alleged were well known to plaintiff before trial.

6. **Mortgages ⟷338—Fact that sale of property under trust deed was proposed to be made for excessive amount did not warrant injunction, where debtor failed to tender amount actually due.**

Mere fact that sale under trust deed was proposed to be made for amount exceeding actual indebtedness was no ground for equitable relief to debtor, in suit to enjoin sale, in absence of payment or tender of amount actually due.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Suit by the Paramount Motors Corporation of the Pacific against the Title Guarantee & Trust Company and others. From an adverse decree, plaintiff appeals. Affirmed.

Maynard F. Stiles and Cæsar A. Roberts, both of Los Angeles, Cal., for appellant.

Samuel C. Cohn and Clore Warne, both of Los Angeles, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was a suit to enjoin a sale of real property under a trust deed executed by the plaintiff to secure the payment of a promissory note for the sum of $12,500, made by the grantor named in the trust deed and payable to the order of H. E. Seaton. From a decree in favor of the defendant the plaintiff has appealed.

The case was before this court on a former appeal, where a full statement of the issues presented by the amended complaint will be found. Paramount Motors Corporation v. Title Guarantee & Trust Co. (C. C. A.) 15 F.(2d) 298. On the original hearing the court below granted a motion to dismiss for want of equity, but on appeal this court held that the amended complaint averred that a claim and demand in the sum of $11,965 against the Paramount Heights Subdivision had been assigned by the maker of the note to Theron Walker, under the designation of Theron Walker Engineering & Construction Company, as payment pro tanto on the note in controversy and another note, and that the assignment was so accepted by Walker; that $4,000 was claimed as a bonus or premium for making the loan in question; that the retention of this bonus or premium violated the usury laws of the state; and that the unpaid balance on the note did not exceed the sum of $285, no part of which was due. The decree of dismissal was therefore reversed and the case was remanded for further proceedings.

[1] After the case was remanded, the defendant answered, and a hearing was had on the merits. On such hearing the defense based on the usury laws of the state was abandoned, and the court found that the assignment of the claim and demand against the Paramount Heights subdivision was made as collateral security and not as payment. The latter finding is supported by the overwhelming weight of the testimony, both oral and documentary, so that the present appeal is wholly without merit. The fact that the assignment was made on November 29, and the note and deed of trust were not executed until two days later, would seem to show the apparent absurdity of the contention that the assignment was executed and accepted as part payment on a note not then in existence.

[2] It is further contended that the appellee should have been required to first exhaust the collateral security before resorting to the trust deed; but we are aware of no rule of law requiring it to do so, where the rights of other lien claimants are not involved.

[3, 4] It is likewise contended that the collateral security has never been returned or surrendered to the appellant, but in the absence of contract a creditor is under no obligation to surrender any part of his security until the entire debt is paid.

[5, 6] The amended complaint on which the case was tried averred that Seaton was the nominee and agent of Walker in the transaction, that Seaton assigned the notes and deed of trust to Walker, and that Walker made a similar assignment to the Mortgage Corporation of America. About a month after the testimony was taken the appellant asked leave to file a supplemental complaint, in which it is denied that Seaton was the nominee or agent of Walker, and in which it is likewise denied that Seaton assigned the notes and deed of trust to Walker. These facts, if true, should have been discovered before the case was tried. But in any event the affidavits of Walker and Seaton filed in opposition to the application for leave to file the supplemental complaint would seem to demonstrate very clearly that the averments contained in the supplemental complaint are not true in fact, and that this is but another attempt to delay the collection of a just debt. It is further averred in the supplemental complaint that, upon dismissal of the amended complaint in the first instance,

a notice of proposed foreclosure sale was again published, adding the sum of $2,579.43 to the amount of the original indebtedness under the pretense that this amount had been paid out and advanced by the appellee for the purpose of protecting the interest of the trust, whereas it is averred on information and belief that $2,000 of this sum was for attorney's fees.

In the first place, these facts were well known to the appellant long before the trial, and afford no possible basis for a supplemental complaint. Furthermore, the mere fact that the sale was to be made for an excessive amount would afford no basis for equitable relief, without payment or tender of the amount actually due. High on Injunctions (4th Ed.) § 443; 41 C. J. 935.

For these reasons, the court did not err in refusing the application for leave to file the supplemental complaint, or otherwise, and the decree is therefore affirmed.